UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS E. ADAMS,

    *Plaintiff*,

v.

TRUMP ADMINISTRATION *et al.*,

    *Defendants*.

Civil Action No. 1:25-cv-01859 (UNA)

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff Marcus Adams's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.[1] The Court grants the IFP Application and, for the following reasons, dismisses this case without prejudice.

Adams, a resident of Texas, sues the Trump Administration, the United States Attorney's Office, and the United States Attorney General. *See* Compl. at 1–2. He contends that Defendants have violated the First, Fourth, and Fourteenth Amendments and intentionally caused him emotional distress because of their allegedly inhumane and illegal policies. *See generally id.* Adams demands compensatory and punitive damages. *Id.* at 13–14.

Even accepting the allegations as true at this stage, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Adams has failed to establish standing. Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies,'" and "[f]or there to be a case or

---

[1] Adams's IFP Application is captioned for a different federal court, in contravention of Federal Rule 10(a) and D.C. Local Civil Rule 5.1(g). But because the Complaint is captioned for this District, *see* Compl. at 1, the Court assumes that the IFP Application's caption is a misnomer.

1

controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation omitted). To satisfy this requirement, a plaintiff must establish that he has standing to sue, meaning that, at a minimum, (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of" that is "traceable to the challenged action of the defendant" and "not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up). "[A] defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Adams does not sufficiently allege a redressable injury particularized to himself. The Complaint lacks any factual allegations showing that he sustained or is likely to sustain any direct injury as a result of Defendants' alleged wrongdoing, thus failing to illustrate personal impact. He attempts to bring this matter as a "legal law-abiding citizen," *see* Compl. at 2, but "a plaintiff raising only a generally available grievance about" the government or its officials, "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large[,] does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74; *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.").

Although Adams alleges that he suffers severe emotional distress and that he fears arrest for expressing his political beliefs, *see* Compl. at 4, because his "stake is no greater and his status no more differentiated than that of millions of other voters[,] . . . his harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3rd Cir. 2009), *cert. denied*, 555 U.S. 1126 (2009).

Insofar as Adams broadly alleges that Defendants seized his medical information, *see* Compl. at 12, he has provided no supporting details, context, or other information to turn this offhand allegation into a cognizable claim, as threadbare recitals and mere conclusory statements are insufficient to press a case. *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("[E]ven a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'") (quoting *Iqbal*, 556 U.S. at 678–79).

For the foregoing reasons, this case is dismissed without prejudice. A separate Order accompanies this Opinion.

DATE: October 8, 2025

CARL J. NICHOLS
United States District Judge